IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| ANGELA DYER, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF GREGORY DYER (DECEASED),<br><br>PLAINTIFF,<br><br>V.<br><br>TRACY L. CHANEY, BMW OF NORTH AMERICA, LLC, AND JOHN DOE.<br><br>DEFENDANTS. | CASE NO.: 1:22-CV-1483 |

## ORIGINAL COMPLAINT

1. Plaintiff, Angela Dyer, individually and as personal representative of the Estate of Gregory Dyer, brigns this Complaint and demand for jury trial against Defendants Tracy L. Chaney ("Chaney"), BMW of North America, LLC ("BMW") and John Doe ("Doe").

## PARTIES AND SERVICE

2. Plaintiff, Angela Dyer, is an individual who resides in Frisco, Collin County, Texas. She can be noticed by and through her attorney of record, Matthew McCarley, Forester Haynie, PLLC, 400 North Saint Paul Street, Dallas, Texas 75201.

3. Defendant, Tracy L. Chaney, is an individual who resides and may be served at: 2202 Chimapavi Trail, Hartsel, Colorado 80449. Plaintiff requests service by private process server.

4. Defendant, BMW of North America, LLC, is a Delaware corporation with a principal place of business located at 300 Chestnut Ridge Road, Woodcliff Lake, New Jersey 07675. Defendant can be served through its registered agent CT Corporation

System, 770 E. Arapahoe Road, Suite 220, Centennial, Colorado 80112. Plaintiff requests service by private process server.

    5.    Joe Doe is the property owner of the cattle guard located on Park County Road 53 in Park County, Colorado. Plaintiff requests service by private process server.

## JURISDICTION AND VENUE

    6.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2), (i) because the at least one Defendants is a citizen of a different state than Plaintiff, (ii) the amount in controversy exceeds $75,000,00 exclusive of interests and costs, and (iii) none of the exceptions under that subsection apply in this action.

    7.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim(s) occurred in Colorado.

## FACTUAL BACKGROUND

    8.    BMW is a sponsor and joint venture owner of RawHyde Offroad Adventures. RawHyde is an operation that purports to train individuals in off-road motorcycle skills. RawHyde Offroad is the official training facility of BMW for its off-road motorcycle training in Colorado. BMW rents its off-road motorcycles through the RawHyde training facility. BMW as the renter of motorcycles at the RawHyde facility has the duty to make sure all motorcycles are in good working order when they are rented. BMW also has the duty, through its official training facility, to make sure individuals participating in the training or courses offered by RawHyde have the adequate skills to participate and that its agents and employees train participating individuals in properly driving and handling a BMW motorcycle. BMW describes its training course as: "Our level one class is called "Intro to Adventure" and is geared toward providing basic off road skills enabling your to

confidently travel on basic dirt or gravel roads!" BMW further represented and represents on its website through RawHyde that: ""In our Into to Adventure" program you will learn the top five mistakes all street riders make in the dirt. We'll teach you a series of "building blocks" skills which will get you comfortable with the basics of riding the dirt roads of the worlds."" BMW's website describes the training Course participants will receive as follows:

**INTRO TO ADVENTURE TRAINING WILL INCLUDE:**

- An introduction to dirt riding techniques and the top mistakes that "street riders" make when they're "off road".
- Throttle, brake and clutch techniques (requires more finesse than street riding)
- Balance techniques
- Obstacle avoidance
- Hard Acceleration technique on dirt and gravel
- Descending steep hills in a controlled manner
- How to recover from a stall on a steep hill.
- How to turn around, fully loaded on a steep hill

- Body position for effective off-road riding
- Weight-shift techniques for steering
- Turning technique using counterbalancing
- How to control front and rear wheel skids
- Hill climbing & traction control
- How to ride in Sand and Gravel
- Endangered Wildlife

*See* https://rawhyde-offroad.com/trainings/colorado/into-to-adventure. Conspicuously missing from this list and training is how to drive over cattle guard while on a motorcycle even though it was a known risk to BMW.

9. On March 30, 2020, Gregory Dyer registered for a motorcycle training course with BMW called RawHyde-Into to Adventure + High Rockies Adventure (the "Course"). On Mr. Dyer's application to participate in the Course, he informed BMW he

had average motorcycle riding ability. Upon information and belief, BMW took no action to verify Mr. Dyer's driving ability or experience prior to him participating in the Course. Mr. Dyer paid approximately $1,689.00 to BMW to participate in the Course. Mr. Dyer arrived on June 26, 2020, at BMW's Colorado facility. Upon information and belief, BMW through its employees and agents did not perform testing of Mr. Dyer's riding skills, did not certify Mr. Dyer's self-reported "average" riding ability and did not disclose know dangers and risks of harm, specifically cattle guards across the road. Moreover, BMW failed to train Dyer on how to cross a cattle guard safely. Indeed, Mr. Dyer first received his motorcycle license in November 2019 and had only been licensed approximately 7 months when he arrived at the BMW facility. Mr. Dyer was never licensed to ride a motorcycle prior to November 2019.

10. On June 30, 2020, Mr. Dyer rented a BMW motorcycle from BMW, and he joined a group of other rides who were making their way to the RawHyde camp. Again, no training took place to instruct Dyer on how to properly cross over a cattle guard on a BMW motorcycle. The rental sheet indicated the motorcycle was a BMW R1250GS with "scrapes & scuffs, and no breaks." Mr. Dyer took county road 53 to the RawHyde facility which is an unpaved gravel/dirt road with a cattle guard across the road installed, maintained and owned by Defendant Doe. Mr. Dyer was driving eastbound of Park County Road 53 ("PCR 53"). Dyer crossed over a cattle guard that was on a curve in the road. Defendant Doe failed to post any warning or the cattle guard, especially for motorcycle riders. As Dyer crossed over the cattle guard, he lost control of the motorcycle and was thrown from the motorcycle into the lane of oncoming traffic. At the same time, Defendant, Cheney, was operating a 2019 gray Chevelot Equinox vehicle on PCR 53.

Cheney was traveling westbound on PCR 53 at the time Dyer was crossing over the cattle guard. Cheney failed to keep a proper lookout, failed to swerve to avoid the collision, failed take proper evasive action, and disregarded the proper speed limit when she hit, ran over, and killed Dyer. Defendants' acts or omissions were the proximate cause of this incident, the incident made the basis of this lawsuit.

11. Upon information and belief, BMW and Doe were aware of the cattle guard prior to Mr. Dyer's accident and failed to warn him of the danger. BMW failed to train Mr. Dyer and provide him with the basic skills to travel over a dirt/gravel road with a cattle guard on a motorcycle. The acts and inactions of Defendants were the proximate cause of Dyer injuries, which resulted in death.

## Causes of Action
## NEGLIGENCE

12. Plaintiff incorporates by reference the allegations set forth above as if the same were fully set forth herein.

13. Defendants' failures were intentional and reckless and an extreme departure from the ordinary standard of care resulting in gross negligence by the Defendants. They breached their duty given rise to the occurrences making the basis of this suit as set forth herein and the resulting injuries, and damages were proximately caused by the negligent and wrongful conduct of Defendants in one or more of the following respects:

   a. In failing to warn of potential hazards;
   b. In failing to warn of known hazards;
   c. Erecting a dangerous obstacle over a roadway;

    d. Failing to instruct or train Mr. Dyer prior to allowing him to operate a motorcycle on a road which had cattle guards;

    e. In failing to keep a proper lookout as a person of ordinary prudence would have done in the same or similar circumstances;

    f. In failing to apply the vehicle's brakes in a timely manner to avoid the collision in question as a person of ordinary prudence would have done in the same or similar circumstances;

    g. In failing to swerve in a manner to avoid the collision in question as a person of ordinary prudence would have done in the same or similar circumstances;

    h. In driving the vehicle at a greater rate of speed than a person of ordinary prudence would have done in the same or similar circumstances;

    i. In failing to yield right of way; and

    j. In failing to adhere to state statutes and/or local traffic ordinances.

14. Defendants breached their duties to Dyer resulting in his death.

## **NEGLIGENT HIRING, TRAINING AND SUPERVISION**

15. Plaintiff incorporates by reference the allegations set forth above as if the same were fully set forth herein.

16. At all times relevant to this lawsuit, BMW had a duty to use reasonable care to hire, control and supervise, to enforce safety standards, and provide proper training to its employee(s), agents and/or servants including a participant in its training course Mr. Dyer. BMW failed to use reasonable care in hiring, training, and supervising their employees or agents. Specifically, BMW train and supervise employees and agents how to maintain a rental motorcycle in good working condition, failed to train and supervise its

employees and agents to determine Mr. Dyer's motorcycle riding skill level, failed to properly train its agents and employees to properly train participants in the Course to cross a dangerous obstacle like a cattle guard. Its actions and omissions were the proximate cause of the incident made the basis of this lawsuit and Mr. Dyer's resulting damages and injuries.

## SURVIVAL ACTION

17. Plaintiff incorporates by reference the allegations set forth above as if the same were fully set forth herein.

18. Plaintiff Angela Dyer is the personal representative/Executor of the estate of Gregory Dyer. Plaintiff is an heir to the estate of Gregory Dyer ("Dyer").

19. Before dying, decedent had a cause of action for negligence, negligent entrustment, and negligent hiring and training, which could have been brought against Defendants by decedent. Defendants' acts and/or omissions proximately caused the death of Gregory Dyer. Mr. Dyer suffered server physical injury, emotional distress and pain and suffering prior to his death.

20. Defendants' wrongful and negligent conduct caused the injuries to Mr. Dyer and eventually the mortal injury to him. Dyer's death and damages were proximately caused by the negligent acts of Defendant.

21. Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court.

## WRONGFUL DEATH

22. Plaintiff incorporates by reference the allegations set forth above as if the same were fully set forth herein.

23. In addition, and in the alternative, Plaintiff is the surviving spouse and Executor of Mr. Dyer's estate.

24. Defendants had a duty to exercise reasonable care not to injure Mr. Dyer. That is, Defendants had a duty to ensure that they sufficiently trained their employees and attendees, including Mr. Dyer at the RawHyde Adventure. Additionally, Defendants had a duty to disclose any dangerous conditions to Dyer, including but not limited to, the cattle guard across the road. These breaches proximately caused Dyer's injuries and death.

25. Dyer died as a result of Defendants' negligent conduct. Dyer would have been entitled to bring this action against defendant if decedent had lived.

26. Defendants conduct proximately caused decedent's death was the producing cause of injury to Dyer, which Plaintiff is entitled to recover.

Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court.

## RESPONDEAT SUPERIOR/AGENCY

27. Plaintiff incorporates by reference the allegations set forth above as if the same were fully set forth herein.

28. Defendants was/were the custodian(s) and/or owner(s) of the motorcycle driven by Mr. Dyer. Defendants knew or should have known that at the time of the occurrence in question made the basis of this lawsuit and at all times relevant, Defendants were acting through their agents, employees and/or servants, such that, under the doctrines of respondeat superior and/or agency, Defendants are liable to Plaintiff for Mr. Dyer's injuries and resulting damages caused by the negligence of their agents, employees, or servants.

## EXEMPLARY DAMAGES

29. The conduct of Defendants when viewed objectively from the standpoint of the Defendants at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.

30. Defendants were actually, subjectively aware of the risk involved, but nevertheless, proceeded with conscious indifference to the rights, safety and welfare of others. As a result of such conduct, Plaintiff is entitled to have and recover of and from Defendants exemplary damages in a sum within the jurisdictional limits of this Court.

## JURY DEMAND

31. Plaintiff hereby requests a trial by jury.

## REQUESTED RELIEF AND DAMAGES

32. As a direct and proximate result of the negligent and/or wrongful conduct of Defendants, Plaintiff suffered serious injuries and death, damages and resulting incapacities as set forth herein:

   i. Pain, suffering, and mental anguish Gregory Dyer suffered before his death;

   ii. Past medical expenses of Gregory Dyer;

   iii. Physical impairment of Gregory Dyer;

   iv. Scarring and disfigurement of Gregory Dyer;

   v. Loss of companionship and society including but not limited to the loss of positive benefits flowing from the love, affection, solace, comfort,

      companionship, and society Gregory Dyer would, in reasonable probability, have received from his wife and daughters had he lived;

vi. Funeral and burial expenses;

vii. Loss of enjoyment of life.

Wrongful Death Damages of Angela Dyer:

i. "loss of companionship and society" in the past and future including but not limited to the loss of positive benefits flowing from the love, affection, solace, comfort, companionship, society, and consortium that she would, in reasonable probability, have received from Gregory Dyer had he lived;

ii. "mental anguish" in the past and future including but not limited to mental and emotional pain, torment, and suffering experienced by Angela Dyer in the past and which, in reasonable probability, will be suffered by her in the future, resulting from the death of Gregory Dyer.

Dated: 6/13/2022

      Respectfully submitted,

      /s/ Matthew R. McCarley
      Matthew R. McCarley
      TX Bar No. 24041426
      mccarley@foresterhaynie.com

      **FORESTER HAYNIE, PLLC**
      400 N St Paul St, Ste 700
      Dallas, TX 75201
      (214) 210-2100 phone
      (214) 346-5909 fax